NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-5024

MARTI ADDAMS-MORE,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED: October 4, 2005

_____

Before MAYER, SCHALL, and LINN, Circuit Judges.

PER CURIAM.

Marti Addams-More seeks review of an order of the United States Court of Federal Claims dismissing her complaint for lack of subject matter jurisdiction. Addams-More v. United States, No. 04-CV-1154 (Fed. Cl. Sept. 17, 2004) ("Dismissal Order"). We affirm.

Whether the Court of Federal Claims properly dismissed Addams-More's complaint for lack of jurisdiction is a question of law that we review de novo. See Wilson v. United States, 405 F.3d 1002, 1008 (Fed. Cir. 2005). On July 12, 2004, Addams-More filed a complaint seeking relief on four counts: a qui tam claim arising

under the False Claims Act, 31 U.S.C. §§ 3729-33 (2000); a RICO claim arising under 18 U.S.C. § 1964 (2000); and two tort claims. As the trial court stated in the Dismissal Order, the "jurisdictional statutes governing the United States Court of Federal Claims grant authority to the court only to issue judgments for money against the United States, provided that the claims are grounded in a contract or arise pursuant to a money-mandating statute, regulation, or provision of the Constitution." Id. at 1 (citing 28 U.S.C. § 1491; United States v. Testan, 424 U.S. 392, 397 (1976)). The Court of Federal Claims does not have jurisdiction over claims sounding in tort. See 28 U.S.C. § 1491(a)(2); Wood v. United States, 961 F.2d 195, 197 (Fed. Cir. 1992). Because Addams-More's claims do not fall within the jurisdictional grant, the trial court properly dismissed her complaint for lack of jurisdiction.

On reconsideration, Addams-More raised three additional claims for relief, which the trial court considered. First, the court properly held that the Court of Federal Claims does not have jurisdiction to hear a claim arising under an implied-in-law contract theory. See Hercules Inc. v. United States, 516 U.S. 417, 423 (1996). Second, it correctly found that Addams-More's improper assertion of her qui tam claim as a takings claim did not give rise to jurisdiction. Third, the court properly held that Addams-More's claim for copyright infringement, asserted against a private defendant, did not come within the Court of Federal Claims' jurisdictional grant.